Arthur FERGUSON et al., Plaintiffs,

v.

Caspar WEINBERGER, Secretary of Health, Education and Welfare, et al., Defendants.

No. CV 75–11–BU.

United States District Court, D. Montana, Butte Division.

May 19, 1975.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

RUSSELL E. SMITH, District Judge.

This case was submitted for final decision on the facts found by the court in the findings of fact and conclusions of law dated February 13, 1975, filed February 19, 1975 (389 F.Supp. 759 (D. Mont.1975)) and those facts are now adopted by the court as its findings on the merits.

In ordering the entry of a preliminary injunction I felt bound by what then appeared to me to be the unanimous opinions of the federal district courts which had passed upon the problem to the effect that, once the Secretary had made a determination of disability based upon the statutorily permissible presumption, the person so determined to be eligible for benefits could not be removed from the eligible rolls without a pretermination hearing. Since that time there has been called to my attention the decision of the United States District Court for the District of Columbia (*Hannington v. Weinberger*, 393 F.Supp. 553 (D.D.C. 1975)) holding that the acts of Congress involved here did not create an entitlement. I am persuaded by the reasoning in that opinion,[1] and I conclude that plaintiffs are not entitled to relief.

1. See also Reed v. Weinberger, Civil No. C74–936 (N.D.Ohio April 1975).